It's like everybody is ready. Our final case this morning is 23-2097 United States v. Billy. May it please the Court. J.K. Theodosia Johnson on behalf of Mr. Billy. Mr. Billy was charged with a form of aggravated assault that required two elements beyond simple assault, the use of a dangerous weapon, and intent to cause bodily harm. The government's theory was always that Mr. Billy's actions in pistol-whipping Mr. Williams and discharging the weapon constituted the aggravated assault. The jury asked about two acts that the evidence brought forth, brandishing, which did not require an intent to injure, and pistol-whipping, which did. It asked for the Court to give the instruction that didn't have the intent, the Court acquiesced, and then the jury convicted. The Court, of course, has a duty to instruct the jury correctly, and if there are questions, it should answer them with concrete accuracy. But any answer has to be impartial, has to refer them to the prior instructions, and remind them that this isn't considered an isolation. The Court here gave a truncated definition of assault, and so doing, it made it appear that the threat to injure was the same as an intent to injure. This allowed the jury to convict him of aggravated assault, but it only found simple assault. You know, the D. Wasn't there a separate instruction prior to this on the elements of the crime which included what you say is missing here? It did, but the jury was never referred back to those instructions. And as we know, simple assault is an element of aggravated assault, so by, therefore, just instructing on the simple assault, you're really just instructing on one element, and it highlights that element beyond what is necessary, and prejudices the defendant, because it's the last word. This is also the critical thing, right? Whenever the jury interrupts its deliberations and asks questions, special care needs to be taken in that answer because of primacy recency. It's the last thing they hear, and we know that judges have great sway over juries, and so when it's telling them that this is the only element that matters, it's problematic. Don't the instructions as a whole, so including the supplemental instruction, the original, don't the instructions as a whole correctly instruct the jury that intent to injure is necessary for a conviction? Yes, but even if you're correctly instructed in the beginning, if there's an error later that overshadows the correct instructions, which is what happened here, they were focused on the element of... It's only an error if we assume that they disregarded the other original instructions. Yes, but given what this court has said about how important it is to take care in crafting your instructions, and the fact that they were not referred back to the previous instructions when this answer was given... Were they given copies of the instructions? I believe so, yes. So they had written copies, okay. Essentially, what that answer was, was both these acts are assaults, and it didn't tell them that they needed to differentiate them. If the court had given the other sentence in the supplemental instruction, I read the papers, well, maybe you wouldn't be here, but I think based on your argument, you would never be here, no matter how lengthy the supplemental instruction was, unless it included... Yes. Incorporated the original instructions, is that right? Yes, we would probably still be here, but I think the fact that it's truncated makes the error worse, because our assault statute is derived from the common law, and it mushes up battery and assault and all these things, and so that's why the need to differentiate use of force, threat of force, from injury and threat of injury is so critical. If there are no further questions, I will sit down. Why don't you just comment quickly on the waiver issue? The objection was always that no further instruction should be given, and it's like when someone's reading my brief for me, and they say, you need to take this out, and I'm like, eh, I think I'm going to keep it in, and they're like, it's well written, but it needs to come out, and I think that's what counsel was doing here, he was being respectful, he was like, yeah, that's the definition of assault, but the only answer is no answer, to refer them back to the instructions that they were already given. Thank you, counsel, we appreciate your concision. Mr. McGinley? May it please the court, Matt McGinley on behalf of the United States. This appeal fails procedurally because of waiver and the failure to preserve, both in the district court and in an appellate briefing, and substantively because the district court properly instructed the jury on the definition of assault under 18 U.S.C. 113A.3. Beginning with the procedural hurdles, as stated in United States v. McBride, the failure to argue for plain air review and its application on appeal surely marks the end of the road for reversal for an argument not first presented in the district court, and when an appellant fails to argue for plain air review and fails to preserve an issue, this court ordinarily deems that issue waived rather than merely forfeited and declines to review at all for plain air or otherwise. Why shouldn't we understand the objection here that no supplemental instruction is proper? Isn't that effectively saying the new instruction would mislead and confuse the jury? What other inference would you make? Thank you, Your Honor. I think it helps to look at what the test is, and so the test requires objection to the court's action, which we have. We don't want the jury instruction, and then you have a sufficient, definite, specific, detailed and non-conjectural, or in other words, a precise ground for that objection, and when you look at the case law, here we have a wholesale objection, whereas case law is Alia v. Monterrez. We have specific attacks to the court discussing evidence, and then the objection being that they can refer to their notes or that no comment on the evidence should be given. Here was, I don't know what's going to happen at this point. I don't think we should give an objection, and so that's the exact problem we have, is trial counsel objected in the district court just because this court can be brutal on waiver, and then on appeal, trial counsel or appellant counsel is now arguing that the jury was allowed to convict without finding all the necessary elements of assault with a dangerous weapon with the intent to do bodily harm. Specifically, now appellant's arguing that we convicted him without two elements, and so in an appellant brief, he assumes without more that abuse of discretion applies, and fails to mention the plein air governance when trial counsel fails to make that sufficiently definite specific detailed and non-conjectual objection in the trial court, or as we just stated, the objection of the court's action, and then identification of the precise grounds for that objection, and so we probably do have an objection. I don't know. The records are kind of clear where we have it's reasonable, and then we should have given an instruction on assault, so there could have been waiver in the district court, but assuming we have an objection, that objection is still far too attenuated from the instant attack on the governance burden of proof, and it was still in light of this posture that appellant failed to argue plein air in his opening brief, and it was only when the government challenged plein air in waiver that appellant devoted a mere three pages in reply to that gauntlet of plein air review, and so with this, the United States' position is the appellant has waived review of his entire claim. Moving on to the substantive hurdles, that is, if this court does apply plein air review, appellant can still not, he still cannot show that he's entitled to relief because the district court properly did instruct the jury on the definition of assault. As stated in United States v. Aaliyah Monterrez, when a jury does make it clear its difficulties, a judge has a duty to clear them away with concrete accuracy, and that duty is to guide the jury towards an intelligent understanding of the legal and factual issues, particularly when it's a central issue in the case. During the trial below, and as noted by the district judge on the record, the jury made clear it had an issue with the definition of assault, and so the district judge therefore complied with their duty and rectified that with a definition of assault, which is one that appellant's trial counsel admitted was reasonable on the record, but more importantly, the district judge gave a definition of assault that complied with governing precedent in the Tenth Circuit in United States v. Joe, United States v. Wolfname, and United States v. Hathaway, and those cases tell a simple assault is the willful attempt to inflict injury upon the person of another, the threat to do so coupled with an apparent present ability. The district judge instructed the jury that assault means any intentional attempt or threat to inflict injury upon the person of another when coupled with an apparent present ability to do so. So when we look at what the jury actually asked, that is the definition of simple assault, which is a predicate for all 113 convictions, the district judge rightfully responded in accordance with Joe, Wolfname, and Hathaway, and it's important to get... I think there's some risk, though, if I understand Ms. Johnson's argument that, you know, that later supplemental instruction really diverted the jury from the previous instructions and allowed them to, you know, allowed a conviction without finding the intent to injure element. So that runs afoul of Tenth Circuit law, Your Honor. As we know, there was the governing instruction 11, which specifically charged the jury to find intent to injure in use of a dangerous weapon, and we had the instruction 2 that told them they couldn't disregard that instruction. So the Tenth Circuit tells us in Weeks v. Angelone that we presume the jury follows their instructions, and so appellant's argument is either that we cannot review the instructions as a whole, which is improper under United States v. Garcia, or now we're going to delve into the jury deliberation process, which is improper under Allen v. Minister. And so when we actually get to the heart of the claim of what the jury was actually asking was about 113, and so that's important because 113 discusses assaults and all subsets of assaults on federal land, in this case, Indian country, and not 18 U.S.C. 111, which governs forcible assaults upon federal officers. And so with this understanding, then, the question becomes why would the jury or the district judge instruct the jury on the difference between force under 111 and assault under 113 when 113 does not feature a force requirement either statutorily or tacked on through the common law? We would add even more confusion to the jury about a force finding that doesn't apply. But I think Ms. Johnson conceded that it didn't matter for her argument that the court dropped off the explanation about force. So Your Honor, then that again requires us to delve into the jury deliberation process, which the Tenth Circuit has told us we cannot do under Allen v. Minister. And there is no indication in the record whatsoever that any confusion occurred. And the jury did specifically ask about assault, which ran through the entire jury instruction. And so to get to appellant's conclusion, we have to disregard the jury instructions as a whole and then delve into the jury deliberation process. And so with that understanding, we know that there was no diminishment by the trial court under 18 U.S.C. 113 because it did define assault in accordance with Joe Wolfname and John Hathaway. And so when we get to that, we know that the district court didn't err and let alone have a plain error. And so assuming that we can overcome the error in plain error, appellant can still not establish that her, his substantial rights were affected. Under this standard, we have the but for their error claimed. The result would have been different. In that trial, we heard from Erwin Williams, who is John Doe in this matter, and he identified the appellant in open court. He told the jury that the appellant held him at gunpoint and tried to rob him. He told the jury that appellant pistol whipped him on the side of the head. And he told the jury that appellant discharged around in his direction. We even heard from appellant's sister and Ramona Billy, who corroborated that testimony and also told the jury that appellant tried to influence her testimony during the trial. And that action, of course, goes towards his guilt. We also heard from Alvin White, another relative and appellant's uncle, who provided his testimony, who was a co-assailant and corroborated the evidence. So the district court's answer to the jury question aside, there was still sufficient evidence to convict Raydel Billy of assault with a dangerous weapon in violation of 18 U.S.C. 113. So if there was a requirement for additional force language or it should have been given, the result or the standard was nonetheless met. Appellant did not sneeze that pistol across Raydel Billy's head. He forcefully smashed it across his skull. And that act was done unquestionably with the intent to injure him. And so at bottom, the outcome would have been the same, a conviction under 18 U.S.C. 113A3, that being assault with a dangerous weapon with the intent to cause bodily injury. Barring any questions from the court, I yield my time back. Thank you, counsel. Thank you, Your Honor. And there's rebuttal time if you wish. First, McBride doesn't apply. McBride was a sufficiency of the evidence case where on appeal, they never argued. They just said that the standard for sufficiency of evidence is essentially the same as standard for plain error. And I'm not even going to talk about it. And even on in their reply brief, they maintain that position. They never talked about plain error. As we know, raising it in your reply brief is not fatal to your claim. And we still think that the actual objection was that no instruction should be given and that even this case law says that when you say no instruction to be given, we can talk on appeal like this is the reason that the instruction that was given was problematic. And that's exactly what we're doing here. Position remains no instruction should have been given at all, nor was the evidence as clear cut as the state, the government would have you believe. Obviously, the jury didn't believe he discharged the weapon they acquitted of the 924-C. And even by the fact that they asked this question, no one had talked about brandishing as a separate assault until the jury brought it out. So therefore, we know that the jury is not fully convinced of Mr. Williams' take on the melee that was there. And I mean, the mere and also the fact that the jury was asking what it needed to decide, like what facts are true, what what what what assault is this? It's improper for you to tell you like this is the assault. The answer was both of these are assault and it elevates that one element beyond all others. Any further questions? Thank you. Thank you, counsel. You're excused. Case is submitted. And the court.